IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUNDANCE METAL FABRICATORS, LLC § <br> D/B/A NORTHWEST FENCE & IRON AND § <br> SUNDANCE CONSOLIDATED, LLC, § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> LIBERTY MUTUAL INSURANCE COMPANY, § <br> *Defendant*. § | | CIVIL ACTION NO. 1:24-cv-01508 |

## NOTICE OF REMOVAL

Defendant Liberty Mutual Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Sundance Metal Fabricators, LLC d/b/a Northwest Fence & Iron and Sundance Consolidated, LLC. v. Liberty Mutual Insurance Company*; Cause No. D-1-GN-24-009151; In the 261st Judicial District of Travis County, Texas.

### I.
### BACKGROUND

1. Plaintiffs Sundance Metal Fabricators, LLC d/b/a Northwest Fence & Iron and Sundance Consolidated, LLC (hereinafter "Plaintiffs") initiated the present action against Defendant by filing their Original Petition in Cause No. D-1-GN-24-009151; In the 261st Judicial District of Travis County, Texas on November 8, 2024 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on December 9, 2024, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state court file has been requested and will be filed upon receipt. The State Court Action docket sheet is attached as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record and to the clerk of the 261st Judicial District of Travis County, Texas.

5. Pursuant to 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiffs allege they are "domestic corporations with their principal place of business at 12306 Technology Boulevard, Austin, Texas 78727." **Exhibit A,** Plaintiffs' Original Petition, at § II- Parties, page 1.

8. However, diligent search of publicly available information shows that Plaintiff Sundance Metal Fabricators, LLC d/b/a Northwest Fence & Iron is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citing 28 U.S.C. §

1332(c)(1)). Based on a diligent search of publicly available information, including Texas Franchise Tax Public Information Reports for the years 2022, 2023 and 2024, the sole members of Plaintiff Sundance Metal Fabricators, LLC are James D. Mills and Larry Rother. Based on a diligent search of publicly available information, both James D. Mills and Larry Rother are individuals domiciled in the State of Texas with the intent to remain domiciled in the State of Texas. No other current members of Plaintiff Sundance Metal Fabricators, LLC were discovered through a diligent search and review of publicly available records and Defendant has no reason to believe that any members share the citizenship of Defendant or Ohio Security Insurance Company (the entity that issued the subject insurance policy). Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff Sundance Metal Fabricators, LLC is a citizen of the State of Texas.

9.      A diligent search of publicly available information shows that Plaintiff Sundance Consolidated, LLC is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey*, 542 F.3d at 1080 (citing 28 U.S.C. § 1332(c)(1)). Based on a diligent search of publicly available information, including Texas Franchise Tax Public Information Reports for the years 2021, 2022, and 2023, the sole members of Plaintiff Sundance Consolidated, LLC are James D. Mills and Larry Rother. Based on a diligent search of publicly available information, both James D. Mills and Larry Rother are individuals domiciled in the State of Texas. No other current members of Plaintiff Sundance Consolidated, LLC were discovered through a diligent search and review of publicly available records and Defendant has no reason to believe that any members of Plaintiff Sundance Consolidated, LLC share the citizenship of Defendant or Ohio Security Insurance Company (the entity that issued the subject insurance policy). Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff Sundance Consolidated, LLC is a citizen of the State of Texas.

10.     Defendant Liberty Mutual Insurance Company is a corporation organized under the laws of Massachusetts and maintains its principal place of business in Massachusetts. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant Liberty Mutual Insurance Company is a citizen of the State of Massachusetts.

11.     The party that issued the subject insurance policy is Ohio Security Insurance Company. Ohio Security Insurance Company is a corporation organized under the laws of New Hampshire and maintains its principal place of business in Massachusetts. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Ohio Security Insurance Company is a citizen of the States of New Hampshire and Massachusetts.

12.     Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

22.     Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt*, 2010 WL 2635626, at *3 (citing *Allen*, 63 F.3d at 1335). In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326,

330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

23. Here, "Plaintiffs seek monetary relief over $1,000,000." **Exhibit A**, Plaintiffs' Original Petition, at § VI- Damages, pages 13-14. Plaintiffs' Original Petition further alleges that "Plaintiffs seek actual damages in the amount of $1,119,648.48." *Id.* at p. 13. In addition to actual damages, Plaintiffs' Original Petition also seeks attorneys' fees, treble damages for alleged knowing conduct under the Texas Insurance Code Chapter 541, statutory interest penalty under Texas Insurance Code Chapter 542, and exemplary damages. *Id.* at pp. 13-14. Therefore, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.

24. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

25. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

26. WHEREFORE, Defendant Liberty Mutual Insurance Company hereby provides notice that this action is duly removed.

*(Signature on following page.)*

                      Respectfully submitted,

                      */s/ Patrick M. Kemp*
                      Patrick M. Kemp
                      Texas Bar No. 24043751
                      pkemp@smsm.com
                      Robert G. Wall
                      Texas Bar No. 24072411
                      rwall@smsm.com
                      Segal McCambridge Singer & Mahoney
                      100 Congress Ave., Ste. 800
                      Austin, Texas 78701
                      (512) 476-7834
                      (512) 476-7832 – Facsimile

                      **ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via e-mail and Certified mail this the 9th day of December, 2024 to:

| | |
|---|---|
| Jonathan P. Ayers<br>Ayers & Ayers<br>4205 Gateway Dr., Ste. 100<br>Colleyville, Texas 76034<br>jayers@ayersfirm.com | **#9414 7266 9904 2224 3300 36** |

                      */s/ Patrick M. Kemp*
                      Patrick M. Kemp